FRED WHITE, et al. v. THE COUNTY COURT OF KANAWHA COUNTY *et al.*

(No. 8511)

Submitted October 26, 1936. Decided October 26, 1936. (Opinion filed November 10, 1936.)

*Charles Ritchie* and *Donald O. Blagg,* for petitioners.
*Charles M. Love* and *Dale G. Casto,* for respondents.

MAXWELL, JUDGE:

This is a proceeding in prohibition, original jurisdiction, wherein the petitioners are Fred White, a citizen and voter of Kanawha County, W. W. Wertz, chairman of the Republican Executive Committee of said county, and H. C. Walker, Republican nominee for sheriff; and the respondents are County Court of Kanawha County, a body corporate, John C. Blackwood, C. A. Ray, and Ben F. Watson, commissioners of said court, and Paul E. Wehrle, chairman of the Democratic Executive Committee of said county.

The purpose of the proceeding is to prohibit the county court from entertaining motions to strike and from striking from the lists of registered voters of said county, on October 26, 1936, and thereafter, preceding the general election of November 3, 1936, the names of said White and other voters.

On or about October 20, 1936, the respondent, Wehrle, caused to be served on the petitioner, White, and many other persons residing in said county, notices that on October 26th, he would request the county court to remove and strike their names from the registration books of said county. This procedure, the petitioners aver, is without authority of law. Also, they allege that the county court is without jurisdiction to entertain such motions or requests as of the date indicated, although the county court has called a special term for said date, ostensibly for the purpose of entertaining said requests and motions.

The statute with which we are here concerned is Code 1931, 3-2-10. Two propositions are conspicuous in the

frame of the statute. First: The county court shall convene on the third Tuesday next preceding every election, for the purpose of hearing all matters pertaining to the registration of voters, and to examine registration lists, and, if they are satisfied that persons have been registered who are not entitled to vote, they shall cause their names to be stricken from the lists of voters, and, if they ascertain that names of persons entitled to vote have been omitted, the court shall cause such names to be registered. Under this clause of the statute, no name may be stricken save upon five days' notice to the party affected, and opportunity to him to be heard. From the action of the county court in striking a name, there may be an appeal to the circuit court, and if it affirms the county court's action, there may be further appeal to the supreme court of appeals. Second: The county court shall convene on the Tuesday next preceding an election "for the purpose of adding to the list of voters, in the county or district, the names of any persons who may appear in person before such court and make application for registration, and who have not been registered by the registrars and who are entitled to be registered."

From these two provisions of the statute, the legislative intent is manifest. The names of unregistered voters may be added to the registration lists at either of the two sessions indicated by the statute, but names can be stricken only at the first session. The legislature, in wisdom, dealt with the matter of striking names from registration lists as a serious matter. The denial of the right of suffrage strikes at the base of one's citizenship. To those who value the privileges of free men, suffrage is a cherished right. The legislature recognized the truth and the seriousness of this proposition, and, therefore, made provision that where there is drawn in question the suffrage right of one who is registered as a voter he must have opportunity, on notice, to defend his right, with the privilege of appeal from a decision adverse to him. Wherefore, with these things in mind, the legislature fixed a date three weeks in advance of election as the time when the striking of names of registrants might be

considered by the county court. The time elapsing between such date and the election would afford opportunity for review of the county court's action in striking off the name of a person who claims to be a legal voter. We are therefore of opinion that the statute is mandatory; that notices to strike from registration lists the names of registered voters shall be returnable before the county court on the third Tuesday prior to an election, or on such date immediately following such third prior Tuesday as may be necessary under operation of law. The operation of law, referred to, arises in consequence of the fourth paragraph of Code 1931, 3-2-10. That paragraph provides for a sitting by registrars for two days beginning the fourth Monday next prior to an election, and requires that the registration books shall be returned by the registrars to the clerk of the county court "within three days from the time of such sitting." It will sometimes happen, as did here, that the registrars' sitting of two days, beginning the fourth Monday preceding an election, will extend through the third Tuesday preceding the election. In such situation, there arises an enforced delay on the part of the county court in respect of the session which the statute requires to be held on the third Tuesday prior to the election.

We reach the conclusion, therefore, that the county court is without jurisdiction to entertain a motion or request on October 26th (being the time fixed in the notice aforesaid) to strike the petitioner's name from the list of registered voters.

Accordingly, a writ of prohibition against the county court and its members will be awarded.

The respondent, Wehrle, not being a necessary or proper party, is dismissed.

*Writ awarded.*