John Q. Hutchinson *v.* County Court of Raleigh County *et al.*

(No. 8508)

Submitted October 24, 1936. Decided October 26, 1936.
(Opinion filed November 17, 1936.)

*Carl C. Sanders,* for relator.

*A. D. Preston, Ben H. Ashworth* and *W. W. Gold-smith,* for respondents.

Kenna, Judge:

John Q. Hutchinson, as a resident and taxpayer of Raleigh County and as Chairman of the Republican

County Executive Committee, seeks a writ of mandamus requiring the County Court of Raleigh County to strike from the registration books of voters in Shady Springs Precinct of that county the names of certain enrollees of the Civilian Conservation Corps camp located in that precinct.

We are of the opinion that the proceedings before the county court were not sufficient to sustain the prayer of relator's petition.

The petition shows that the notices pursuant to which the county court was asked to act under the provisions of Code, 3-2-10, were served on the 14th day of October, 1936, and were returnable before the county court on October 19, 1936. The statute referred to requires that the county court shall meet on the third Tuesday before a general election for the purpose of striking names from the registration books, and that day, this year, was October 13th.

It will be seen that the notices returnable before the county court came too late. They should have been made returnable either to the 13th of October or to such later day as, through necessary operation of law, the county court was required to postpone its sitting for the purpose of striking names from the registration lists. Considering that the registrars are required by the section that has already been referred to, to sit on the fourth Monday prior to the election and the day following for the purpose of correcting their registration books, and the fact that, this year, the third Tuesday prior to the election was the day following the fourth Monday, it is apparent that the county court could not sit for the purpose of correcting the registration books on the third Tuesday prior to the election because of the fact that on that day, the registrars themselves were sitting and had possession of the registration books. However, the registrars are required to return the books to the county court within three days from the time of their sitting. In this case, that would have meant that the books would have been returned to the possession of the county court not later than October 16th. The latter date, therefore,

was the last date to which the sitting of the county court for the purpose of striking names from the registration books can be held to have been continued by operation of law. The plaintiff's notices here were returnable later even than that date. They, therefore, within the principles of the case of *Fred White et al.* v. *County Court of Kanawha County et al.*, 117 W. Va. 815, 188 S. E. 380, in prohibition, came too late, and, do not furnish the basis for a writ of mandamus.

*Writ denied.*